Kirkpatrick, C. J.
— There are sundry reasons filed for the reversal of the judgment in this cause. I shall take notice only of the fourth, which is, that the justice illegally adjourned the cause.
It appears by the record that the summons was returnable on the 27th of August, 1805; that the defendant did not appear at the return day; that the plaintiff did appear, and requested an adjournment till the 7th of September then next, which was granted to him; that the defendant did not appear on the day of adjournment, but that the plaintiff'did appear, and requested a further adjournment, and it was granted to him till the 21 st of the same month ; that upon this second adjournment the defendant did not appear, hut that the justice proceeded to try the cause, and to render judgment for the plaintiff[1] in his absence.
The first adjournment is for eleven days, and the second for ten days, reckoning one day inclusive and the other exclusive, which is the common way of counting in these eases.
It has been decided heretofore by this court that a justice cannot adjourn for more than fifteen days in the whole, from the return of the summons, whether it he by one adjournment or many. This decision has been called into review with some degree of eagerness at the bar, and therefore it will be proper to reconsider the question.
The adjournment of causes, by the principles of the common law, is a matter of discretion in the court. There is no rule in that law to compel courts to press [f] the trial of *238 causes to the manifest perversion of right and justice. If, therefore, there be such a rule in these courts, it must be given by the express words of the statute. What are they ?
“That any justice of the peace before whom a suit is instituted by virtue of this act, may, to prevent fraud or surprise on either side, or on reasonable cause being assigned by or on behalf of either party, adjourn the trial to any time not exceeding fifteen days from the return of the summons, or if the process be by warrant from the time when the same was returned, or from the time of appearance mentioned in the recognizance; except where the applicant for such adjournment shall make oath or affirmation that he cannot safely go to [185] trial for want of a material witness, whom he shall name, being absent and out of the State, and then such justice may postpone the trial to any time not exceeding three calendar months.”
Now, this is a case of summons. Let us leave out all that relates to a process by warrant, and take the operative words of the section, and see what it says. “Any justice may adjourn the trial to any time not exceeding fifteen days from the return of the summons, except where the applicant shall make oath,” &c., that a witpess is out of the State. Not exceeding fifteen days, except, &c. The act does not say the first adjournment shall exceed fifteen days; it does not say that the adjournment made at the return of the summons shall not exceed fifteen days; it does not say that any one adjournment shall not exceed fifteen days; it says the justice may adjourn to any time not exceeding fifteen days from the return of the summons — using the most general and unlimited mode of expression. If there could be any doubt upon the import of the term adjourn, it is explained in the subsequent clause of the section. There the word postpone is used to signify precisely the same thing. The definition of this word, according to Johnson, is to put off, to delay. It will [*] read, according to this definition, the *239 justice may put off", may delay the trial for any time not exceeding fifteen days. According to my apprehension it would be difficult to express this prohibition in more clear and unequivocal terms. Indeed, the construction contended for might be made totally to defeat the provision of the act. It would put it in the power of a justice to make his first adjournment for half an hour or any shorter time; and after that, according to this motion, he might keep the cause hanging, if it please him, for a twelvemonth. This was uot the intention of the Legislature. They intended to provide tribunals which, in these small causes, should render speedy justice — -justice without procrastination or delay; and for this purpose they introduced this section. Nidi differemus justieiam aut reotum is the leading principle of the great charter upon which our ancestors founded their liberty; it is the principle upon which their posterity must rest as long as liberty is dear to them. In this case the trial has been adjourned, without any consent of the defendant, to a time more than fifteen days from the return of the summons.
M’Ilvaine, for plaintiff.
In my opinion, therefore, judgment must be reversed.
Rossell, J.
— Gave no opinion; as I understood him, he was some way related or connected with one of the parties.

 Vide ante, *59, *135; post, *266, *510, South. 575. By act of Nov. 19. 1820. (Rev. Laws, 796), the justice may adjourn the trial 30 days.— Ed.